# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 1, 2016 Session

## MARK HENDERSON
## v. CITY OF MOUNT PLEASANT, TENNESSEE ET AL.

**Appeal from the Chancery Court for Maury County**
**No. 15-544     David L. Allen, Judge**

---

**No. M2016-00639-COA-R3-CV – Filed November 28, 2016**

---

Petitioner, the interim city manager for the City of Mount Pleasant, Tennessee, filed suit seeking a declaratory judgment that the votes of two commissioners to terminate his employment were void due to a conflict of interest. He contends their votes were void because ethics complaints filed by Petitioner against the two commissioners were pending at the time of the vote. The trial court dismissed the petition for failure to state a claim upon which relief can be granted, pursuant to Tenn. R. Civ. P. 12.02(6), upon the finding that the petition failed to allege facts which would show that the commissioners had a personal financial interest in the outcome of the vote on Petitioner's employment. Petitioner appealed; we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Mark Henderson, Mount Pleasant, Tennessee, Pro Se.

Daniel H. Rader IV and Daniel H. Rader III, Cookeville, Tennessee, for the appellees, City of Mount Pleasant, Tennessee; Delores Blankenship; Mike Davis; Ricky Frazier; and Michael Hay.

John D. Burleson and Matthew R. Courtner, Jackson, Tennessee, for the appellees Robert Shackelford and George Vestal.

## OPINION

On July 21, 2015, the City of Mount Pleasant, Tennessee, through its five member board of commissioners, hired Mark Henderson ("Petitioner") as interim city manager.

Over the following months, two city commissioners grew dissatisfied with Petitioner's job performance, and at a meeting on October 2, 2015, Commissioners Ricky Frazier and Delores Blankenship moved to terminate Petitioner's employment. However, this motion failed by a vote of 2-3.

Thereafter, Petitioner filed ethics complaints against Commissioners Frazier and Blankenship with the city attorney, Quinn Brandon Stewart. Ms. Stewart notified the commissioners of the complaints and began an investigation into the allegations.

On November 3, 2015, the board of commissioners held a special meeting "to discuss and act upon the interim city manager's position." At the beginning of this meeting, Ms. Stewart advised the Commission that, in her legal opinion, it would be a conflict of interest for Commissioners Frazier and Blankenship to vote on any issue involving Petitioner given that the ethics complaints he filed against them were pending. Thereafter, a motion was made to appoint Petitioner as permanent city manager under the same contractual terms as the previous city manager for a term of one year. Despite Ms. Stewart's opinion, Commissioners Frazier and Blankenship participated in the vote on this motion, which resulted in the motion's failure by a 2-3 vote. Commissioner Frazier then moved to terminate Petitioner. This motion passed 3-2, with Commissioners Frazier and Blankenship once again participating in the vote. Commissioners Frazier and Blankenship subsequently moved to hire a new interim city manager, which motion also passed 3-2.

The following day, Petitioner notified Ms. Stewart that it was his position that he had been elected permanent city manager at the November 3, 2015, meeting. Petitioner argued that the votes of Commissioners Frazier and Blankenship were void as a result of their conflict of interest; therefore, the initial motion to make Petitioner permanent city manager passed by a 2-1 vote.

Petitioner then filed a petition with the Maury County Chancery Court under Tenn. Code Ann. § 29-14-103, naming the City of Mount Pleasant, Commissioner Frazier, and Commissioner Blankenship as respondents.[1] The petition sought a declaratory judgment that the votes of Commissioners Frazier and Blankenship on November 3, 2015, were a nullity due to the ethics complaints pending against them and that the motion to make Petitioner permanent city manager be declared to have passed. Further, the petition requested that the court order specific performance of Petitioner's contract for employment with the city for one year. Petitioner also requested a temporary

---

[1] The petition also named Michael Hay, the individual hired to replace Petitioner as interim city manager, and Commissioner Mike Davis, the third commissioner that voted to terminate Petitioner, as respondents. By a subsequent amendment, Petitioner also added as respondents the two remaining city commissioners, Robert Shackelford and George Vestal.

restraining order preventing the board of commissioners from hiring a permanent city manager pending a final resolution of the matter.

On December 2, 2015, the respondents filed a joint motion to dismiss the petition for failure to state a claim upon which relief can be granted and a response in opposition to Petitioner's request for a restraining order. This motion argued that, although Tennessee conflict of interest law prevents an elected official from voting on a measure in which they have a personal financial interest, the vote in question did not involve a monetary interest for any of the commissioners and, therefore, did not constitute a conflict of interest as a matter of law. Thus, the respondents argued that the petition failed to state a claim upon which relief can be granted.

Following a hearing on this motion but before the court ruled, Petitioner filed a motion to amend his petition. The proposed amendment sought to add, *inter alia*, language to the petition relating to the financial interests of Commissioners Frazier and Blankenship. Specifically, the motion sought to add the following:

> The proposed ouster in each of the ethics complaints would have resulted in a loss of income to both Frazier and Blankenship in the form of their salaries under Charter provision 6-20-204, which is the same as T.C.A. 6-20-204. This meets the requirement of a personal financial interest under Tennessee conflicts of interest law, as ethics violations may only be filed by "an official or employee of the city" pursuant to the municipal code section 1-410. With Petitioner terminated, the ethics complaint would in effect disappear, and thus each had a direct financial interest in both terminating Petitioner as interim city manager and not hiring him on a permanent basis.

In light of this motion, the court held a second hearing on January 13, 2016, after which it took the matter under advisement. Thereafter, the court filed a written opinion and order granting Petitioner's motion to amend but dismissing the amended petition under Rule 12.02(6) for failure to state a claim upon which relief can be granted. The court noted that

> [t]he key to the Tennessee Conflicts of Interest Law is personal financial interest. If the municipal official in question has no personal financial interest in the municipal contract or work that raised the question of a conflict of interest, there is no violation of the Conflicts of interest Law.

The court determined that no such personal financial interest existed for the commissioners under the facts alleged by Petitioner because the vote to remove Petitioner from his position had no bearing on the pending ethics investigation. The court observed that Mount Pleasant municipal code does not limit the power to file an ethics complaint

to only "an official or employee" of the city; instead, the city attorney is required to investigate any credible ethics complaint. Thus, the court concluded that, because the vote to remove Petitioner did not constitute a conflict of interest as a matter of law, the petition failed to state a claim upon which relief can be granted.

Petitioner then filed a motion to alter or amend judgment, which motion was denied by the trial court. Thereafter, Petitioner initiated this appeal and argues that the trial court erred in dismissing his petition under Rule 12.02(6).

## STANDARD OF REVIEW

A Tenn. R. Civ. P. 12.02(6) motion to dismiss challenges only the legal sufficiency of the complaint, not the strength of the Petitioner's proof or evidence. *Webb v. Nashville Area Habitat for Humanity, Inc*., 346 S.W.3d 422, 427 (Tenn. 2011). "The resolution of a 12.02(6) motion to dismiss is determined by examination of the pleadings alone. A defendant who files a motion to dismiss 'admits the truth of all the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Id.* (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)).

When considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the Petitioner the benefit of all reasonable inferences." *Id.* (citing *Trau–Med of Am., Inc. v. Allstate Ins. Co*., 71 S.W.3d 691, 696 (Tenn. 2002)). A trial court should grant a motion to dismiss "only when it appears that the Petitioner can prove no set of facts in support of the claim that would entitle the Petitioner to relief." *Id.* (quoting *Crews v. Buckman Labs. Int'l, Inc*., 78 S.W.3d 852, 857 (Tenn. 2002)). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo with no presumption of correctness. *Id.*; *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999).

## ANALYSIS

At issue in this case is whether, under the facts alleged in Petitioner's complaint, Commissioners Frazier and Blankenship had a conflict of interest that precluded them from voting on Petitioner's continued employment.

Conflicts of interest in Tennessee are governed primarily by Tenn. Code Ann. § 12-4-101. *See City of New Johnsonville v. Handley*, No. M2003-00549-COA-R3-CV, 2005 WL 1981810, at *14 (Tenn. Ct. App. Aug. 16, 2005); 27 Tenn. Prac. Const. Law. § 3:15. Section 12-4-101 provides, in relevant part,

> (a)(1) It is unlawful for any officer, committee member, director, or other
> person whose duty it is to vote for, let out, overlook, or in any manner to

- 4 -

superintend any work or any contract in which any municipal corporation, county, state . . . or other political subdivision created by statute shall or may be interested, *to be directly interested* in any such contract. "Directly interested" means any contract with the official personally or with any business in which the official is the sole proprietor, a partner, or the person having the controlling interest. . . .

. . .

(b) It is unlawful for any officer, committee member, director, or other person whose duty it is to vote for, let out, overlook, or in any manner to superintend any work or any contract in which any municipal corporation, county, state . . . or other political subdivision created by statute shall or may be interested, *to be indirectly interested* in any such contract unless the officer publicly acknowledges such officer's interest. "Indirectly interested" means any contract in which the officer is interested but not directly so, but includes contracts where the officer is directly interested but is the sole supplier of the goods or services in a municipality or county.

Tenn. Code Ann. § 12-4-101 (emphasis added).

The key to assessing whether a conflict of interest exists under this statute is personal financial interest. *See* Sid Hemsley, *Conflicts of Interest in Tennessee*, Univ. of Tenn. Municipal Technical Advisory Service Opinion (2008).[2] "If the municipal official in question has no personal financial interest in the municipal contract or work that raised the question of a confliction of interest," there is no violation of Tenn. Code Ann. § 12-4-101. *Id.*; *see also* Tenn. Op. Atty. Gen. No. 09-175, 2009 WL 3764110, at *2 (Tenn. A.G. Nov. 6, 2009) ("This Office has indicated in the past that the interest referred to under [Tenn. Code Ann. § 12-4-101] is a pecuniary interest.").

For example, in *Gillham v. City of Mt. Pleasant*, a residential property owner challenged the procedures used by the city commission in granting a rezoning application submitted by two industrial companies. *Gillham v. City of Mt. Pleasant*, No. M2010-02506-COA-R3-CV, 2012 WL 1079333, at *1 (Tenn. Ct. App. March 29, 2012). The property owner asserted, inter alia, that the city mayor and a commissioner had a conflict

---

[2] The Municipal Technical Advisory Service ("MTAS"), a part of the Institute for Public Service, is a state entity, which "exists to provide studies and research in municipal government, publications, and educational conferences and to furnish technical, consultative, and field services to municipalities of the state in problems relating to fiscal administration, accounting, tax assessment and collection, law enforcement, improvements and public works, and in any and all matters relating to municipal government." Tenn. Code Ann. § 49-9-407. Opinions issued by the MTAS are available at http://www.mtas.tennessee.edu/web2012.nsf/Web/Knowledgebase+ByTitle.

of interest and that their participation granting the application invalidated the procedure. *Id.* Thereafter, the defendants filed a motion to dismiss which was granted by the trial court. *Id.*

On appeal, we concluded that neither the mayor nor the commissioner had a conflict of interest in the rezoning application. *Id.* at *8. We reasoned,

> [t]he only basis for [Plaintiff's] allegations of conflict of interest is the fact that both Mayor Hendrix and Commissioner Colvett had public duties in their roles with the power system. In other words, [Plaintiff] has never claimed that either the mayor or the commissioner had any personal or private interest in the outcome of the rezoning procedure. *There is no allegation that either could possibly profit personally from the rezoning.* Neither is alleged to have any ownership or other interest in the two companies that sought the change in zoning.

*Id.* at *8 (emphasis added). Thus, we affirmed the trial court's dismissal of the complaint. *Id.* at *1.

In this case, Petitioner alleged that Commissioners Frazier and Blankenship had personal financial interests in the vote to terminate his employment because this vote affected the viability of the ethics complaints pending against the commissioners. Specifically, Petitioner's amended complaint states,

> The proposed ouster in each of the ethics complaints would have resulted in a loss of income to both Frazier and Blankenship in the form of their salaries. . . This meets the requirement of a personal financial interest under Tennessee conflicts of interest law, as ethics violations may only be filed by "an official or employee of the city" pursuant to the municipal code section 1-410. With Petitioner terminated, the ethics complaint would in effect disappear, and thus each had a direct financial interest in both terminating Petitioner as interim city manager and not hiring him on a permanent basis.

In order to determine whether the pending ethics complaints created a conflict of interest for Commissioners Frazier and Blankenship in the vote to terminate Petitioner, we must review the relevant municipal ordinances. Section 1-410 of the Mount Pleasant Municipal Code provides, in relevant part,

> (1) The city attorney is designated as the ethics officer of the municipality. Upon the written request of an official or employee potentially affected by a provision of this chapter, the city attorney may render an oral or written advisory ethics opinion based upon this chapter and other applicable law.

(2)(a) Except as otherwise provided in this subsection, the city attorney *shall investigate any credible complaint* against an appointed official or employee charging any violation of this chapter, or may undertake an investigation on his own initiative when he acquires information indicating a possible violation, and make recommendations for action to end or seek retribution for any activity that, in the attorney's judgment, constitutes a violation of this code of ethics.

. . .

(c) When a complaint of a violation of any provision of this chapter is lodged against any member of the municipality's governing body, the governing body *shall* either determine that the complaint has merit, determine that the complaint does not have merit, or determine that the complaint has sufficient merit to warrant further investigation. . . .

Mount Pleasant, Tenn., Municipal Code § 1-410 (emphasis added).

As discussed above, Petitioner argues that, under Section 1-410, only "an official or employee" of the city may file an ethics complaint. However, there is simply no language in the city ordinance supporting this argument. Although subsection (1) of the ordinance appears to limit the ability to seek advisory ethics opinions from the city attorney to officials or employees of the city,[3] the ordinance has no such restriction on the ability to file an ethics complaint. To the contrary, subsection (2) requires the city attorney to investigate "any credible complaint" against an appointed official or city employee. *Id.* ("[T]he city attorney *shall* investigate . . ."). Additionally, after a complaint is filed, the city's governing body must determine whether or not the complaint has merit. *Id.* ("[T]he governing body *shall* . . . determine . . ."). Section 1-410 does not condition these obligations upon whether or not the complainant is an official or employee of the city.

Therefore, it is clear that the viability of Petitioner's ethics complaints against Commissioners Frazier and Blankenship was not dependent upon his continued employment. Thus, because the vote on Petitioner's employment had no bearing on the pending ethics complaints, Commissioners Frazier and Blankenship did not have a personal financial interest in the vote by virtue of the complaints. Moreover, Petitioner has failed to allege that the commissioners had any other personal financial interest in the

---

[3] As seen above, Section 1-410(1) states, "Upon the written request of *an official or employee* . . . the city attorney may render an oral or written advisory ethics opinion[.]" (emphasis added).

outcome of the vote on his employment. Accordingly, we affirm the trial court's conclusion that Petitioner failed to state a claim for a conflict of interest.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Mark Henderson.

_____
FRANK G. CLEMENT, JR., P.J., M.S.